UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HERMAN LEE SMITH,

    Plaintiff,

v.                                                        Case No. 5:25-cv-237-AW/MJF

SERGEANT KENT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The District Court should dismiss this civil action because Plaintiff has failed to disclose honestly and accurately his litigation history.

### I. BACKGROUND

On August 22, 2025, Plaintiff Herman Lee Smith, FDC inmate #L11644, filed this civil action against three employees of the Florida Department of Corrections. Doc. 1. Although Plaintiff has incurred multiple "strikes" under 28 U.S.C. § 1915(g), Plaintiff falsely and affirmatively stated under the penalty of perjury that he has *never* incurred even a single strike.

## II. Discussion

### A. Screening Under the PLRA

Pursuant to a district court's screening obligation under the PLRA, federal courts are required to dismiss a prison's civil action when it is frivolous, is malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). In aid of that screening function, federal courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025). When a plaintiff fails to accurately disclose his litigation history, the district court may dismiss the case. *McNair*, 143 F.4th at 1308 (affirming dismissal without prejudice pursuant to the court's inherent authority for failure to disclose cases on the district court's court approved form); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal for failure to disclose litigation history).

### B. Plaintiff's Responses to the Litigation History Questions

The Local Rules require *pro se* litigants to complete use a standard-civil rights complaint form. N.D. Fla. Loc. R. 5.7(a). Section VIII of the

complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 1 at 8. The complaint form expressly warns "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.*

> The complaint form asks three questions:
>
> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you file any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose <u>all</u> responsive cases. *Id.*

Plaintiff responded, "Yes" to Questions B and C on the complaint form. Doc. 1 at 10. He disclosed that he had filed the case *Smith v. Wilson*, No. 8:24-cv-01892 (M.D. Fla.), which was dismissed for non-payment and that he was in the process of refiling the case. *Id.*

In response to Question A, Plaintiff responded, "No." He did not disclose any federal cases. Instead, he included a handwritten note clarifying that "***only at the state level***" had he ever had a case dismissed as frivolous, as malicious, for failure to state a claim, or prior to service. *Id.* at 9 (emphasis added).

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id.* at 12–13. That is, Plaintiff asserted under the penalty of perjury that he had never filed *any* federal lawsuit that was dismissed as frivolous, for failure to state a claim, or prior to service.

## C.  **Plaintiff's Omissions**

The undersigned takes judicial notice that at the time Plaintiff filed his complaint, he had filed *at least two* federal case that were required to be disclosed on the form:

- *Smith v. Joseph*, No. 6:24-cv-1019-CEM-LHP (M.D. Fla. July 9, 2024), ECF No. 6 (dismissing a federal civil rights complaint without prejudice for failure to state a claim); and

- *Smith v. Tomson*, No. 1:21-cv-23739-DMM (M.D. Fla. Dec. 15, 2021), ECF No. 14 (dismissing a federal civil rights complaint with prejudice for failure to state a claim).

Because each of these cases was dismissed prior to service for failure to state a claim and for frivolousness, these cases were responsive to Question A on the complaint form.

Because Plaintiff failed to disclose *at least* these two cases in his complaint, Plaintiff violated his duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). A penalty, therefore, is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### D.  The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d

1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior federal cases that were dismissed (1)

as frivolous; (2) for failure to state a claim; and (3) prior to service of the complaint. Doc. 1 at 8, 9. Plaintiff also was aware that the penalty for failing to disclose his prior federal litigation history was dismissal. *Id.* at 8.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). The District Court, therefore, should not allow Plaintiff's false responses to go unpunished.

E.     **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Federal courts cannot let false responses to go unpunished. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to

omit their litigation history, thus draining the judicial system's time and resources.").

If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements is to dismiss this case without prejudice. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior case; noting that the case fell "squarely within the complaint form's disclosure requirements"); *Strickland*, 739 F. App'x at 588 (same); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"). Because Plaintiff alleges that the incident giving rise to his claim occurred on July 12, 2025, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

## F. No Lesser Sanction Would Suffice

A sanction less than dismissal would not suffice to deter Plaintiff's conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he

should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."); *see Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice for Plaintiff's failure to disclose honestly and accurately his litigation history.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 9th day of September, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**